UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ULTRA LOGISTICS, INC.,

*Plaintiff,*

v.

A FIRST CLASS SOLUTION, LLC, PROGRESSIVE CORPORATION, JOHN DOES DEFENDANTS 1 – 10, ABC CORPORATIONS 1 –10, XYZ PARTNERSHIPS AND OTHER ENTITIES 1 – 10,

*Defendants.*

Civil Action No. 2-19-CV-09493-JMV-JAD

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter concerns an alleged failure to deliver a shipment of goods. Originally brought in state court, the action was removed to federal court citing complete federal preemption. D.E. 1. Presently before the Court is a motion to dismiss Counts One and Two of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant A First Class Solution, LLC ("Defendant" or "First Class"). D.E. 4. Plaintiff Ultra Logistics, Inc. ("Plaintiff" or "Ultra") filed a brief in opposition (D.E. 12), to which Defendant replied (D.E. 14).[1] The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P.

---

[1] Plaintiff's Complaint is included in Exhibit A of the notice of removal (D.E. 1) and will be referred to as the "Complaint"; Defendant's brief in support of its motion to dismiss (D.E. 4-2) will be referred to as "Def. Br."; Plaintiff's opposition (D.E. 12) will be referred to as "Plf. Opp."; and Defendant's reply of its motion (D.E. 14) will be referred to as "Def. Reply.".

78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND[2] & PROCEDURAL HISTORY

In 2015, Ultra entered into a broker-carrier agreement with Defendant, with Ultra as broker and First Class as carrier. Complaint at ¶ 6, D.E. 1. The contract governed a relationship whereby First Class provided transportation services for third-party freight. *Id.* ¶ 7. In September of 2017, Ultra entered into an agreement with First Class to ship glass bottles belonging to Ardagh Group c/o William & Associates ("Ardagh") from Arkansas to New York. *Id.* ¶ 15. Ultra agreed to pay a fee of $2,680 for the shipment, with delivery due September 20, 2017. *Id.* ¶ 16, 17. While in transit, the truck carrying the goods was involved in an accident, rendering the glass bottles unusable. *Id.* ¶ 18. The value of the goods is allegedly $23,546.27. *Id.* ¶ 20. Ultra claims that by failing to deliver the goods as promised, First Class has breached its contract and is liable for various damages. *Id.* ¶ 19. Ultra further claims that First Class's acceptance of its fee without having satisfied performance constitutes unjust enrichment. *Id.* ¶ 22. Additionally, though not relevant to the instant motion, Ultra has filed a claim against First Class's insurer for the unjustly denying its claim. *Id.* ¶ 34, 35. While not asserted in the Complaint, Ultra alleges in its opposition brief that it has obtained an assignment of the claim against Defendant from Ardagh. Plf. Opp. at 3, Ex. B.

On February 26, 2019, Plaintiff filed its Complaint in the Superior Court of New Jersey, Bergen County. D.E. 1. The first two Counts pertain to First Class: Count One for breach of

---

[2] The factual background is taken from the Complaint. D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The contracts referred to in the Complaint have not been provided to this Court.

2

contract and Count Two for unjust enrichment. *Id.* First Class removed the matter to this District, (*id.*) and then filed the instant motion to dismiss (D.E. 4).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

Defendant argues that Plaintiff's state law claims are preempted by federal law. Specifically, Defendant maintains that Counts One and Two are preempted by the Carmack Amendment and that Count Two is also preempted by the Federal Aviation Administration

3

Authorization Act of 1994. The Court finds that Counts One and Two are preempted by the Carmack Amendment.

The Carmack Amendment, 49 U.S.C. § 14706, governs the field of interstate shipping. *See Certain Underwriters at Interest at Lloyd's of London v. UPS of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014). The provision preempts "all state law claims for compensation for the loss or damage to goods shipped by a ground carrier in interstate commerce." *Id.* at 333. Circuit courts "have consistently held that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property." *Id.* at 336 (internal quotation omitted). Preemption applies to claims arising from breach of contract. *See, e.g., Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 345 (D.N.J. 2001). Preemption also applies to claims of unjust enrichment. *Brudnak v. A.A. Moving and Storage, Inc.*, No. 14-cv-6964, 2015 WL 1310292, at *3 (D.N.J. Mar. 24, 2015). Ultra claims that its losses arose from First Class's breach of a contract. Consequently, the claims are preempted by the Carmack Amendment.

Defendant notes that the Federal Aviation Administration Authorization Act of 1994 (FAAAA) preempts unjust enrichment claims. Def. Br. at 15. Defendant relies on *Mrs. Ressler's Food Products v. KZY Logistics, LLC*, No. 2:17-02013, 2017 WL 3868703, at *4 (D.N.J. Sept. 5, 2017), in which the court ruled that a quasi-contractual unjust enrichment claim was preempted by the FAAAA. But the unjust enrichment claim in *KZY* was brought because there was no contract between the parties. *Id.* Ultra's claim of unjust enrichment is more appropriately styled as a breach of contract claim. The parties had a contract and one party did not, allegedly, perform. As the court in *KZY* noted, a "claim that sounds in breach of contract" is preempted by the Carmack Amendment. *Id.* A claim "sounds" in contract when "the loss was of a nature more normally associated with a contract action and [when] the relationship between the parties [was] governed

4

by a lengthy and comprehensive contractual arrangement." *Silla Jewelry Co., Ltd. v. Sunico LLC*, No. BER-L-7542-15, 2016 WL 427723, at *11 (N.J. Super. Ct. Law Div. Feb. 1, 2016); *see also Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 386 (D.N.J. 1999) ("Under New Jersey law, a 'dispute [that] clearly arises out of and relates to [a] contract and its breach' sounds in contract and not in tort.") (quoting *Wasserstein v. Kovatch*, 618 A.2d 886, 891 (N.J. Super. Ct. App. Div. 1993). Here, Plaintiff alleges the breach of a comprehensive contractual arrangement consisting of two agreements. The dispute is not that Defendant was unjustly enriched and a contract should therefore be inferred, but that the Defendant did not follow through on its obligations under the existing contract. Accordingly, both Counts sound in contract and are appropriately designated as breach of contract claims.[3] As discussed above, contract claims are preempted by the Carmack Amendment.

Moreover, Plaintiff could conceivably recover the fee paid as damages in a Carmack Amendment action. *See Mecca & Sons Trucking Corp. v. White Arrow, LLC*, 763 F. App'x 222, 227 (3d Cir. 2019) (reading the Carmack Amendment expansively to embrace damages beyond the market value of the property). Preemption under the FAAAA need not be reached. Counts One and Two are dismissed.

Plaintiff submits that it should be afforded the opportunity to amend its Complaint to plead cognizable claims.[4] Plf. Opp. at 4. While Defendant is correct that Plaintiff has neither moved to

---

[3] The Court is aware that unjust enrichment is a quasi-contractual cause of action. However, in light of the fact that there was a contract between the parties, the Court is finding that the Carmack Amendment is the more appropriate basis on which to dismiss the current matter.

[4] First Class contends that, based on the Complaint, Ultra lacks a means to achieve standing to sue, such as having an assignment of the claim from Ardagh. Def. Br. at 7. The Court does not reach the issue because Ultra claims in its opposition brief that it has in fact obtained an assignment. Plf. Opp. at 3, Ex. B. However, as First Class notes in its reply, new contentions in a brief do not

amend its Complaint nor submitted a proposed amended complaint, this Court will grant leave to for Plaintiff to file an amended complaint. *See Mecca & Sons Trucking Corp. v. White Arrow, LLC*, No. 14-7915, 2016 WL 5859018, at *3 (D.N.J. Sept. 16, 2016) (outlining requirements for a Carmack Amendment claim).

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (D.E. 4) is **GRANTED** and Counts One and Two of the Complaint are dismissed. The dismissal is without prejudice and Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if it so chooses, consistent with this Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: December 23, 2019

John Michael Vazquez, U.S.D.J.

---

amend a deficient complaint. *See, e.g., Pennsylvania ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted); *Talley v. United States*, No. 11-1180, 2014 WL 282680, at *5 (D.N.J. Jan. 24, 2014) ("[A] complaint cannot be amended through the brief of a party in opposition to a motion to dismiss."). First Class is correct as to what can be considered at this stage, so the Court is not finding that Ultra does in fact have standing. Instead, based on Ultra's representation, the Court is not reaching the issue at this time.